UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DOUGLAS OSBURN                                                                                       PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:11CV-363-S

RICHARD T. SMITH, et al.                                                                         DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Chad E. Miller and David C. Taggart, to dismiss, or alternatively to compel arbitration, or alternatively to transfer venue (DN 8) in this action alleging securities fraud and common law fraud.  Defendant Roger Edward Taylor, *pro se*, has joined in the motion.  Defendant Richard T. Smith consented to removal of the action to this court, but has not otherwise appeared, answered, or responded to the motion practice in this court.

Miller and Taggart contend that (1) the federal securities claims are time-barred, (2) the complaint fails to plead securities fraud with the heightened particularity required by statute, (3) the complaint fails to plead common law fraud with specificity in accordance with Fed.R.Civ.P. 9(b), and (4) the court lacks personal jurisdiction over Miller and Taggart.  These matters will not be addressed herein in light of the parties' agreement that this is not the proper forum for this action.

The defendants' first alternative ground for relief is that paragraph 9 of the Account Agreement between the plaintiff, Douglas Osburn and Penson Financial Services, Inc., for whom Miller and Taggart acted as agents, mandates that the claims against Miller and Taggart be arbitrated.  Osburn agrees that these matter must be submitted to arbitration for resolution.  DN 17.

The United States Supreme Court has held that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or al allegation of waiver, delay, or like defense to arbitrability. [citations omitted]."*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S.Ct. 927, 941 (1983).

There are no doubts here, however. The defendants urge and the plaintiff agrees that "the subject matter of the complaint clearly falls within the broad parameters of the account agreement." Mo. to Dis. p. 14.

The court has not been apprised of any basis for compelling arbitration with respect to claims against Taylor or Smith. Taylor has joined in Miller and Taggart's motion. However, this avails him of nothing unless there is a legal foundation upon which he may obtain the same relief. Arbitration between Osburn, Miller and Taggart is contractually based. There is no contention that either Taylor or Smith are parties to that contract.

Therefore, the court will stay the action and compel arbitration of all claims against Miller and Taggart.

**IT IS SO ORDERED.**

November 29, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

```
cc:   Counsel of Record
      Defendant Richard Smith, pro se
      Defendant Roger Taylor, pro se
```